IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**JDJ INNOVATIONS, LLC,**
**JEFFREY D. JERGE,**

    *Plaintiffs*,

v.                                                                    Case No. 2:24-cv-02639-BCL-cgc

**BERKSHIRE HATHAWAY DIRECT**
**INSURANCE COMPANY**,

    *Defendant*.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (Doc. 11) AND
DENYING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF
DEFAULT (Doc. 18)**

This case, originally assigned to Judge Mark Norris, was filed in 2024. Docs. 1, 2. In October 2024, Plaintiffs filed a Motion for Default Judgment against Defendant Berkshire Hathaway Direct Insurance Company d/b/a Biberk Insurance Company, which this Order will refer to as Berkshire Insurance or Defendant. Doc. 11. After a lengthy delay and two separate misfilings for noncompliance with the rules (Docs. 15, 17), Defendant filed a response in opposition to default judgment in which it also improperly embedded a motion to set aside entry of default. Judge Norris transferred the matter to the undersigned in March 2026. Doc. 23.

For the reasons that follow, the Court **DENIES** Defendants Motion to Set Aside Entry of Default and **GRANTS** the Motion for Default Judgment. Judgment on liability is hereby **ENTERED** in favor of Plaintiffs. The Court **REFERS** this matter to Magistrate Judge Charmiane G. Claxton for a timely (1) hearing concerning remedies and (2) report and recommendation concerning the proper remedies.

1

## **BACKGROUND**

Plaintiffs filed this lawsuit in September 2024, claiming that Berkshire Insurance is in breach of a contract of insurance requiring it to defend Plaintiffs in an underlying lawsuit and arbitration. Doc. 1. Specifically, Plaintiffs took out a policy under which Berkshire Insurance would serve as Plaintiffs' insurer for Professional Liability and Errors and Omissions, but Berkshire Insurance refused to defend Plaintiffs when they were named in an Arbitration Demand filed by PartsBase, Inc. and alleging violation of various duties in connection with a soured contractual relationship. Doc. 1 at 2. Based on the claimed breach, Plaintiffs sought a judgment declaring Berkshire Insurance's coverage and payment obligations, requiring reimbursement of attorney fees and expenses, and imposing damages (including statutory and punitive damages for reckless or bad faith denial of coverage). Doc. 1 at 9-10.

In this litigation, Plaintiffs served Defendant on September 18, 2024. Doc. 7 at 2.  After Defendant failed to timely respond, Plaintiffs on October 15, 2024, moved for entry of default. Doc. 9. The Clerk entered default the next day, October 16. Doc. 10.

On October 21, 2024, Plaintiffs filed the Motion for Default Judgment at issue here, serving Defendant by mail as Defendant had not yet appeared. Doc. 11 at 4.  Defendant did nothing for fifty-three days, after which two counsels filed notices of appearance on behalf of Defendant on December 13, 2024. And then Defendant again went silent.

After 53 additional days elapsed—for a total of 106 days from the Motion for Default and 139 days from the filing of the lawsuit—Defendant finally attempted substantive action: On February 4 it filed a Response to Motion for Default Judgment, in which it improperly embedded a Motion to Set Aside Clerk's Entry of Default. *See* LR 7.2(a); Doc. 14. Defendant's filing of this document was twice rejected for improper captioning (Docs. 15, 17) before a corrected version

2

was accepted by the Clerk on February 6, 2025. Doc. 18. Judge Norris transferred the case to the undersigned on March 5, 2026. Doc. 23.

## ANALYSIS

### I.    Defendant's Motion to Set Aside Entry of Default is DENIED.

The United States Court of Appeals for the Sixth Circuit has instructed courts to consider three factors in determining whether a defendant has shown "good cause" justifying setting aside an entry of default: "(1) whether the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." Fed. R. Civ. P. 55(c) (first quoted material); *Dassault Systemes S.A. v. Childress,* 663 F.3d 832, 839 (6th Cir. 2011) (second quoted material). Due to a preference for resolving cases on their merits, the standard is applied in a "forgiving" manner, resolving "any doubts" about ambiguous or disputed facts" in favor of the defendant. *Id.* at 841. Still, lest the rule be that only those who never participate can be subject to default, there must be limits. And, if there are limits, the governing factors here do not show good cause.

*First*, consider the issue of willfulness. Defendant did not submit a substantive filing until its first Opposition to Motion for Default Judgment filed 139 days after the complaint. Defendant tries to explain this away as the result of a mailroom mix-up that snagged the properly served complaint before it reached the right people. Doc. 18 at 2; Doc. 18-4 at 1-2; *cf. Maples v. Thomas*, 565 U.S. 266 (2012) (in habeas case challenging death penalty where defendant's counsel claimed mailroom mix-up prevented timely filing, holding that failure excuses procedural default only if the attorney effectively abandoned his client). Berkshire Insurance claims it "immediately retained counsel" when it learned of the lawsuit and default (Doc. 18-4 at 2), but that would only explain the 53 days' delay to December 13, 2014—and not the 53 days' delay that followed until Defendant finally filed an opposition to Plaintiff's Motion for Default Judgment. Doc. 14.

Defendant's additional delay of nearly two months *after learning it had defaulted* is difficult to understand and certainly inconsistent with good faith participation in the affected proceedings. *Compare Krowtoh II LLC v. ExCelsius Int'l Ltd.*, 330 F. App'x 530, 536 (6th Cir. 2009) ("By acting quickly to set aside the default, Defendants have given evidence of respect for the court's process, favoring leniency for Defendants."). Defendant offers no explanation for the additional delay, which in the circumstances of this case indicates that, even if Defendant did not have an actual "intent to thwart judicial proceedings," it at minimum acted with "a reckless disregard for the effect of its conduct on those proceedings." *Krowtoh.*, 330 F. App'x at 536 (quoting *Shepard Claims Service, Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). This factor thus supports denial of Defendant's embedded motion to set aside default.

*Second*, the Court must consider the prejudice to Plaintiffs of excusing the default—"'the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from defendant's conduct.'" *Hernandez v. Telelink, LLC*, 2019 WL 5086128, at *2 (N.D. Ohio Oct. 10, 2019) (quoting *Dassault Systemes*, 663 F.3d at 842). Delay and increased costs are not alone enough to refuse a motion to set aside. *See Hernandez*, 2019 WL 5086128, at *2 (N.D. Ohio Oct. 10, 2019). But here there is more: This litigation concerns, in part, a duty to defend under an insurance policy, so that lifting the default and reopening litigation of this case would keep Plaintiffs from receiving one of the very things they claim to have paid for, while at the same time putting them at risk of being unable to fund the underlying litigation and thus potentially altering the settlement calculus in a way that disadvantages them. Opening default would set things back, placing Plaintiffs at risk or further at risk in the underlying litigation. This factor likewise militates against reopening default.

4

*Third*, Defendant has not shown that it has a meritorious defense. To show a meritorious defense, a defendant "does not need to demonstrate that the defense is likely to succeed on the merits. Rather, the inquiry is whether 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Hernandez*, 2019 WL 5086128, at *3 (quoting *$22,050.00 U.S. Currency*, 595 F.3d at 326) (other quotations omitted). "[C]onclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense." *Dassault Systemes*, 663 F.3d at 843. Still, Defendant has not offered even that: Defendant simply states it has a meritorious defense and gestures broadly to documents attached to its filing, without even the most cursory explanation of the supposedly meritorious defense. *See* Doc. 18 at 2-3. Again, if there are limits on how forgiving the standard will be, they are exceeded here—the standard surely and at minimum requires the movant to engage with it. Thus, this factor also supports denial of the motion to set aside default.

For these reasons, Defendant's improperly embedded Motion to Set Aside Default is **DENIED**.

## II.    Plaintiffs' motion for default judgment is GRANTED.

Apart from its failed arguments seeking to set aside default, Defendant offers no argument in opposition to Plaintiff's motion for entry of default judgment. Commentators have identified "a number of factors" that a court may consider in deciding whether to enter default judgment:

> the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt.

10A Charles A. Wright et al., Federal Practice and Procedure § 2685 (4th ed.). What has been said so far in this Order makes clear that many of these factors support entry of default judgment: the grounds for default are clearly established and plain as day; plaintiff would be prejudiced by

continued delay and for similar reasons has been substantially prejudiced by the delay that has already occurred; and the delay—106 days' worth and certainly 53 days' worth—is so extensive and unjustified that it cannot fairly be called "technical" unless all untimeliness is to be dismissed with that label. And, while not yet addressed, this insurance coverage dispute appears to involve not questions of fact, but rather questions of law concerning the meaning of an insurance policy, which will determine whether it provides coverage on the undisputed facts. Doc. 22 at 5. Moreover, because this Court's judgment would apply only as between these parties, the case presents no issue of substantial public importance—this case does not, for example, involve a class action against a governmental policy, resolution of which might, as a practical matter, dictate policy beyond the named parties. Finally, the dispute appears to involve roughly $1,000,000 (Doc. 1-1 at 4), which is a lot of money, but no so large an amount as to cause this factor to swallow up all the other factors weighing in favor of entry of a default judgment.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants Motion to Set Aside Entry of Default and **GRANTS** the Motion for Default Judgment. Judgment on liability is hereby **ENTERED** in favor of Plaintiffs. The Court **REFERS** this matter to Magistrate Judge Charmiane G. Claxton for a timely (1) hearing concerning remedies and (2) report and recommendation concerning the proper remedies.

**IT IS SO ORDERED**, this 28th day of May, 2026.

s/ *Brian Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

6